FILED   FIRST JUDICIAL DISTRICT
DAKOTA COUNTY, Court Administrator

JUN 02 2025

**STATE OF MINNESOTA**    **DISTRICT COURT**

**COUNTY OF DAKOTA**    **FIRST JUDICIAL DISTRICT**

Case Type: Civil/Others/Misc.

---

Damien Lashaun Nelson    Court File No: 19HA-CV-25-3514

      Plaintiff,

v.    **COMPLAINT AND DEMAND FOR JURY TRIAL**

Burnsville Police Department and
Detective Brad Robert Litke, Officer
Nickolas Larson, Ray Gutzman, Police
Officers John Doe and Jane Doe 1-3,
Burnsville Employees; whose identities
are presently unknown to Plaintiff, in
their individual and Official Capacities,
      Defendant(s).

---

Plaintiff for His Complaint, Plaintiff Damien Lashaun Nelson, by and through himself, and or Attorneys, Legal Assistance(s) Against the Defendant(s), The Burnsville Police Department and Detective Brad Robert Litke, Officer Nickolas Larson, Ray Gutzman, Police Officers John Doe and Jane Doe 1-3, Burnsville Employees; whose identities are presently unknown to Plaintiff, in their individual and Official Capacities, States and Alleges as Following:

### INTRODUCTION:

1. This Civil Action is Brought by the Plaintiff, Damien Lashaun Nelson, against the Defendants for the Unlawful Seizure of Personal Property without a Search Warrant. The Defendants seized Property from the Plaintiff's Home

**EXHIBIT A**

in Burnsville Minnesota, On August 6th 2020, including Phones, Electronics, and Other Personal Items. As A result of these Actions, The Plaintiff suffered Mental Anguish, Pain and Suffering, Emotional Distress, and Loss of Wages.

## Parties

1. Plaintiff: Damien Lashaun Nelson (**"Damien Lashaun"**) an individual residing in Bayport, and **Washington County, Minnesota.**

2. Defendant: **Burnsville Police Department** is a municipal police department located in Burnsville Dakota County, Minnesota.

3. Defendant: Detective Bradley (**"Brad"**) Litke is a Detective employed by the Burnsville Police Department, with duties including evidence handling and case management. Detective Litke is sued in his official and individual capacities.

4. Defendant: Officer **Nickolas Larson** was a law enforcement officer employed by the Burnsville Police Department, with duties were at all times relevant to this complaint and whom were acting Police Officer of the Burnsville Police Department, Officer Nick Larson is sued in his official and individual capacities.

EXHIBIT A

5. Defendant: Officer **Ray Gutzman** is a law enforcement officer employed by the Burnsville Police Department, with duties were at all times relevant to this complaint and whom were acting Police Officer of the Burnsville Police Department, Officer Ray Gutzman is sued in his official and individual capacities.

6. Defendants John and Jane Does 1-3 are Police Officers and/or Burnsville City Employees whose identities are presently unknow to the Plaintiff and are being sued in their official and individual capacities.

## Jurisdiction

This Court has Subject-Matter Jurisdiction pursuant to *Minn. Stat. § 484.01*, as the acts and omissions complained of occurred in Dakota County, Minnesota and applicable federal laws.

## Venue

Venue is Proper under Dakota County under *Minn. Stat.§ 542.09* because the events giving rise to this action occurred in this County. This action is best resolved in the County of Dakota.

EXHIBIT A

## FACTUAL ALLEGATION:

1. On or about **August 6th 2020**, Defendants unlawfully entered the Plaintiff's home without a search warrant and seized personal property, including iPhone, Electronics, and other items.

2. The Plaintiff was not provided with any Justification for the Seizure and was not given the opportunity to retrieve his Property.

3. The unlawful actions of the Defendants have caused the Plaintiff to suffer significant mental anguish, pain and suffering, emotional distress, and loss of wages.

4. Plaintiff was mentally incapacitated during the relevant time period and could not bring this lawsuit within the standard limitations period due to his mental health conditions, including severe Depression, Major Depressive Disorder with psychotic features, schizophrenia, suicide ideations, etc. which lead to his suicide attempts in late 2020 and 2023.

5. Plaintiff now brings this action within the extended limitations period provided under the Minn. Stat. § 541.15 (a) for individual with mental illness.

6. As a result of Defendants actions, Plaintiff suffered loss of access to his trade secrets, digital assets, email accounts, business accounts, and music, which has caused significant damages to his business and reputation.



~~misrepresentation~~

EXHIBIT A

## CLAIMS FOR RELIEF:

### COUNT 1: VIOLATION OF FOURTH AMENDMENT RIGHT:

1. Plaintiff incorporates by reference the preceding paragraph as though fully set forth herein.

2. The Seizure of The Plaintiff's Property without a warrant Constitutes a Violation of The Fourth Amendment of the United States Constitution.

### COUNT 2:  BREACH OF STATE LAW:

1. Plaintiff incorporates by reference the preceding paragraph as though fully set forth herein.

2. The Defendants' action violated Minnesota Statutes related to the Unlawful Search and Seizure.

### COUNT 3:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

1. Plaintiff incorporates by reference the preceding paragraph as though fully set forth herein.

2. The Defendants acted in a manner that was extreme and outrages, causing severe emotional distress to Plaintiff.

EXHIBIT A

## COUNT 4: NEGLIGENCE:

1. Plaintiff incorporates by reference the preceding paragraph as though fully set forth herein.

2. The Defendants failed to exercise reasonable care in the execution of their duties, leading to the Unlawful Seizure of the Plaintiff's Property.

## DAMAGES

As a direct result of Defendants actions Plaintiff has suffered Damages, including but not limited to:

1. Mental Anguish
2. Pain and Suffering
3. Emotional Distress
4. Loss of Wages
5. Economic losses associated with unauthorized release of trade secrets, digital funds, and intellectual property;
6. Loss of access to business and email accounts, resulting in Damages to Plaintiff business operations;
7. Emotional Distress from the loss of confidential and personal property;

EXHIBIT A

8. Damage to Plaintiffs business reputation; and

9. Attorney and legal assistance fees and costs as permitted by law.

10. The Plaintiff is **seeking damages in the amount of $10.5 Million** for the harm suffered as a result of the Defendants' Unlawful actions.

## Prayer for Relief

Wherefore, Plaintiff, individually defined herein, prays for relief as follows:

A. Judgement against the Defendants for **$10.5 Million in Damages,** Including:

- Lost revenue from missed business opportunities.
- Cost associated with delays and legal fees.

B. Compensatory Damages in an amount to be determined at trial, including Damages for the value of the property, trade secrets, digital funds, and other confidential information wrongfully taken;

C. Punitive Damages as permitted by law, due to the reckless and intentional nature of Defendants conduct;

D. Public apology and retraction statement to be made by Defendant(s).

E. Any further relief the court deems just and equitable.

F. Declarative relief.

G. Cost.

H. Attorney fees.

EXHIBIT A

I. Legal Assistance Fees aside from Attorney fees costs incurred in pursing this action;

### Jury Demand

Plaintiff demands a trial by jury of all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedures.

Dated: May 23rd 2025               /s/ *Damien Lashaun Nelson*

                                    Signed under the penalty of perjury

                                    Damien Lashaun Nelson
                                    Pro Se
                                        Temp. Mailing Address
                                    970 Pickett Street N.
                                    Bayport, Minnesota 55003-1489
                                    Email: Damien.Lashaun1989@gmail.com
                                        Phone No. (901).653.4522

EXHIBIT A

## Acknowledgement

**The above hereby Acknowledges that cost, disbursements, and witness fee may be awarded pursuant to Minnesota statute Section 549.211, Subdivision 3 to the party against whom the allegation in the pleading are asserted.**

EXHIBIT A